**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-49-J-1 |
| | ) | Case No. CIV-24-1146-J |
| MELISSA DAWN BRIDGES, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

In November 2023, Defendant Melissa Dawn Bridges was convicted of possession of methamphetamine with intent to distribute.  Based on a total offense level of 33 and her criminal history category of I, her advisory guideline range was 135 to 168 months.  At sentencing in May 2024, the Court granted a downward variance and imposed a 120-month sentence—specifically considering her substance dependence, mental health struggles, and history of trauma.  [Doc. Nos. 287, 288].  Defendant did not appeal and is currently incarcerated at FCI Tallahassee in Tallahassee, Florida.

On November 6, 2024, Defendant filed a pro se application—captioned for the Eleventh Circuit—for leave to file a second or successive motion under 28 U.S.C. § 2255.  *See* (Def.'s Mot. to Vacate) [Doc. No. 298].[1]  As she has not previously sought relief under § 2255, the Court construes the submission as a motion to vacate, set aside, or correct her sentence under § 2255.  She also moved for appointment of counsel.  *See* [Doc. No. 299].

In her § 2255 motion, Defendant references her "mental state of mind" as a basis for relief.  Def.'s Mot. to Vacate at 3.  She insists that "it was not brought up or no credit was given for

---

[1] All page citations refer to the Court's CM/ECF pagination.

proffering [her] mental state at the time of crime," and further explains that she was diagnosed with schizoaffective disorder following competency evaluations during her pretrial detention. *Id.* at 2–3 (cleaned up). She provides no further explanation.

The Court is well aware of Defendant's mental health history. In June 2022, after a psychological examination, the Court found her incompetent to stand trial and committed her to the custody of the Attorney General under 18 U.S.C. § 4241(d). [Doc. No. 171]. Following restoration of her competency in May 2023, she was placed on the Court's June 2023 jury trial docket. [Doc. Nos. 213, 214]. However, at Defendant's request, the Court again committed her to the custody of the Attorney General in June 2023—this time for an evaluation of both her competency to stand trial and sanity at the time of her offense. [Doc. No. 233]. After the evaluation, the Court found that she was competent and not insane. [Doc. No. 250]. Her diagnosis of schizoaffective disorder was considered by the Court and the federal mental health professional who evaluated her. *See* [Doc. No. 246]. Weeks later, Defendant pled guilty to her drug crime pursuant to a plea agreement, waiving the right to collaterally challenge her sentence under 28 U.S.C. § 2255. [Doc. No. 261].

Under § 2255, a federal prisoner may ask the court that imposed her sentence to "vacate, set aside or correct the sentence" if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). An evidentiary hearing is not required on a § 2255 motion where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d

113, 121 (10th Cir. 1996). And "[t]here is no constitutional right to counsel in § 2255 proceedings." *United States v. Ellick*, 3 F. App'x 870, 871 (10th Cir. 2001) (unpublished).

Even assuming that Defendant has raised a cognizable claim under § 2255,[2] she waived the right to collaterally attack her sentence under § 2255—except for claims of ineffective assistance of counsel—as part of her plea agreement. *See* [Doc. No. 261] at 8. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). "Courts consider the following factors when deciding whether to enforce a waiver of collateral attack rights: (1) whether the § 2255 motion falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his right to bring a § 2255 motion, and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Ledbetter*, Nos. CR-20-168-G, CIV-21-331-G, 2024 WL 3763595, at *2 (W.D. Okla. Aug. 12, 2024).

Defendant's motion falls squarely within the waiver's scope; she does not allege ineffective assistance of counsel. And there is no evidence—nor does she contend—that her guilty plea or waiver was involuntary or unknowing.[3] The Court therefore finds that Defendant waived her claim

---

[2] Defendant's present motion appears to be nothing more than a challenge to the reasonableness of her sentence, asserting that the Court failed to give sufficient "credit" to her mental health at sentencing. Def.'s Mot. to Vacate at 2. Most challenges to the reasonableness of a sentence are not cognizable under § 2255. "The Supreme Court has interpreted [§ 2255] such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)); *see also Marion v. United States*, No. 16–15971–G, 2017 WL 8233896, at *7 (11th Cir. Oct. 24, 2017) (explaining that a direct challenge to the reasonableness of a sentence is not cognizable in a § 2255 proceeding if it fails to allege a constitutional violation).

[3] "A plea is 'knowing' if the defendant has a full understanding of what the plea connotes and of its consequences." *United States v. Vidal*, 561 F.3d 1113, 1119 (10th Cir. 2009) (internal quotation

for relief under § 2255, and her motion to vacate, set aside, or correct her sentence under § 2255 [Doc. No. 298] is DENIED.  No hearing is required because the record conclusively shows that Defendant is entitled to no relief.  Defendant's motion to appoint counsel [Doc. No. 299] is also DENIED.[4]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a defendant.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Upon review, the Court concludes that the requisite standard is not met in this case.  A COA is thus denied.

A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of December, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

marks omitted).  "[A] plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentation, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business."  *Bousley v. United States*, 523 U.S. 614, 619 (1998) (ellipses and internal quotation marks omitted).

[4] In the § 2255 context, "[e]xcept when 'the district court determines that an evidentiary hearing is required,' '[t]he decision to appoint counsel is left to the sound discretion of the district court.'"  *United States v. Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. 2011) (unpublished) (second alteration in original) (quoting *Engberg v. Wyoming*, 265 F.3d 1109, 1122 & n.10 (10th Cir. 2001)).